The history of this litigation leading up to the present motion will be found in Vice-Chancellor Howell's opinion. 79 N.J. Eq. 124;affirmed, 80 N.J. Eq. 252.
The complainant, daughter of Peter Nelson, deceased, filed the bill to construe her father's will in respect of two matters, whether she came within the word "children" in the fourth, fifth, sixth, seventh and eighth paragraphs, and whether the deceased died intestate as to the fee of the lands described in the third, fourth and sixth paragraphs. Pertinent parts of the will are quoted in the opinion. Eleanor Lynch, a grandchild, filed a cross-bill charging that the deceased died intestate of the lands, and prayed a partition. Dorothy Nagle, as assignee, also filed a bill to foreclose the *Page 62 
ten-thousand-dollar mortgage mentioned in paragraph 6 of the will. Nagle v. Sondergaard, 79 N.J. Eq. 124.
The cases were heard together, and the vice-chancellor found, and it was accordingly decreed, that Dorothy Nagle was included in the word "children;" that the deceased died intestate of the fee; that Eleanor Lynch inherited and was entitled to partition; that the heirs were the three children of the deceased and the grandchild, daughter of a deceased child, and that they were seized each of a quarter interest, and that there were outstanding estates in the trustees, and that therefore there could be no partition until the trusts were executed, and that they would terminate when the youngest child of the deceased reached twenty-one, until which time partition was deferred. It was also held and decreed in the foreclosure suit that, because of the trust to pay the mortgage out of the income of the property described in the sixth paragraph, it could be made only out of the life estate and the income. The youngest child is now twenty-one, and Eleanor Lynch moves for a decree of partition and sale. The moving papers include only the lands described in paragraphs 4 and 6, but on the hearing leave was given to add those described in paragraph 3. The trustees and Karl and Ellen Nelson resist the motion, and maintain that the lands are not yet partable, because the trusteeship is not at an end, to which Eleanor Lynch and Dorothy Nagle reply, res judicata, by the decree. I am of the opinion that the reply is good as to the lands described in paragraph 4 of the will, but not as to those described in paragraphs 3 and 6.
It will be observed that by the third paragraph of the will there are trusts to pay out of the income (a) to the widow $200 monthly for life (she is living); (b) to discharge a mortgage, which has been done, and (c) to accumulate the balance and pay it to the widow and her children (Karl and Ellen) when the youngest is twenty-one. The trust in the fourth paragraph is to accumulate the income and pay the interest thereof to the widow, and the corpus to the widow and the children when the youngest is twenty-one. The sixth paragraph directs the income, after the death of the *Page 63 
life tenant (he is dead), to be used to extinguish the ten-thousand-dollar mortgage, the balance to be paid (now in effect) to the children when the youngest is twenty-one. The mortgage is still unpaid.
If the opinion and the decree be accepted at their face value, then the widow's life right in the income of the land devised in trust by the third paragraph is at an end in spite of the clear language of the gift to the contrary, as is also the lien of the mortgage on the income of the lands devised in trust by the sixth paragraph, but when we read the opinion and the decree in the light of the pleadings and the questions submitted to this court and the court of errors and appeals, it is at once apparent that the life of these two trusts were not within the issues and were not litigated or adjudicated. For confirmation, I quote from the brief of counsel for Dorothy Nagle filed in the court of errors and appeals:
"The questions which were presented to the court below for determination were four.
"1. Whether the testator died testate or intestate of the property, real estate, above referred to.
"2. Whether Dorothy Nagle, the complainant, is included in the word children in the fourth, fifth, sixth, seventh and eighth paragraphs of the will.
"3. Whether Eleanor Lynch, the grandchild, has an interest in the property, and whether that interest, if any, can be enforced by partition.
"4. In case of intestacy as to the whole or any part of the property what the relative rights of the parties are."
These were the only matters put in issue by the pleadings and considered and decided by this court and the court of errors and appeals.
The defenses now offered to a decree for partition at this time, that the trusts estates, to pay the widow $200 monthly for life, contained in the third paragraph, and to pay off the ten-thousand-dollar mortgage as provided by the sixth paragraph are outstanding, obviously, were not involved. The court was concerned only with the trusts running to children of the deceased, and the decree "that the trusts created by the last *Page 64 
will and testament with respect to these properties [described in paragraphs 3, 4 and 6] are valid and active trusts, and continue until all the children of the said Peter Nelson then living shall arrive at the age of twenty-one years; and said properties are subject to said trusts," simply marked the time when the trust relations as between the trustees and the children terminated. The trust relations between the trustees and the widow, and between the trustees and the holder of the mortgage, were things apart from the adjudication, and an interpretation of the decree that would include and destroy them upon the theory of resjudicata, though its broad language would admit of it, would be indefensible. The rule of res judicata was invented to promote peace, not to deny justice. The principle is authoritatively settled that a decree or judgment on a matter outside of the issues raised by the pleadings is a nullity and is nowhere entitled to the least respect as a judicial sentence. Jones v.Davenport, 45 N.J. Eq. 77. In a second suit between the same parties for the same cause of action all triable matters within the issues are res judicata. In a second suit between the same parties for a different cause of action only those matters within the issues actually litigated and determined as res judicata.15 R.C.L. Judgments, ¶¶ 429, 438, 450, 452. Whether this motion be regarded as within the first or second propositions — I think it comes within the second — the result is the same. The issues here tendered were not presented.
Moreover, it is perfectly plain that the decree was not intended to affect the trusts now under consideration, for in deferring partition until the trusts were terminated right was reserved to the parties to apply for further construction of the will. It remains to be decided that they are still active, and, in the language of Vice-Chancellor Howell, "this trust [these trusts] cannot be disturbed, nor can the executors or trustees be deprived of the possession of the property until the determination thereof according to the terms of the will, and, consequently, there can be no partition" at this time.
 The property described in paragraph 4 is ripe for partition. *Page 65 
The testator conveyed to the complainant, Dorothy Nagle, his homestead, worth, it is agreed, $11,250, which, it is claimed, was an advancement, to be accounted for in the inheritance.Comp. Stat. p. 1917. The testator refers to it in his will as follows:
"Ninth. As I have deeded the old homestead to my daughter Dorothy Nagle, and she has had the full revenue and rents of the same for a number of years, I consider she has received all she is entitled to, as I consider her share is equal to the other children."
Assuming it to have been an advancement, the testator himself squared it by giving to the other children, Karl and Ellen, what he regarded as an equivalent, viz., two-thirds of the residue of the income of the property described in the third paragraph of the will. He also provided specifically for Eleanor Lynch. SeeHattersley v. Bissett, 51 N.J. Eq. 598; Vreeland v.Vreeland, 65 N.J. Eq. 668.