This appeal is from the decree of the orphans court of Warren county denying probate of a codicil to the last will and testament of Mary A. Lanterman, deceased.
By her will, the testatrix gave her personal estate and a life right in her real estate to her husband, U.S. Grant Lanterman. By the codicil, she gave her executor (her husband) power to sell so much of the real estate as may be necessary for the comfortable support and maintenance of her husband. The executor offered the will and codicil for probate. Alice M. Smith, only daughter and heir-at-law of the testatrix, was the contestant. The orphans court admitted the will to probate. As to the codicil the decree recites:
"The court further says that after testimony taken, that the codicil to the last will and testament of Mary A. Lanterman was not executed according to the statute in such case made and provided, and that the said Mary A. Lanterman at the time of making said codicil was of unsound mind, *Page 232 
memory and understanding, and that said codicil was the product of undue influence. * * * Ordered that the codicil be revoked and denied probate."
The codicil bears a perfect attestation clause and, at the hearing, it was proved that it was executed with all the formality required by the statute. There was no dispute as to the execution and there was no evidence of incompetence or undue influence. A copy of the minutes of the circuit court of Warren county (the judgment roll properly certified was offered on this appeal) was offered in evidence as proof that Alice M. Smith, the contestant, had brought suit against Lanterman, the life tenant, for possession of the real property; that there was a verdict for the defendant, upon which judgment was entered, and that there was a special verdict as follows:
"The cause having been heard and submitted to the jury and the following questions having been submitted to the jury: `1. Was the will of Mary A. Lanterman a valid, legal will for the purpose of passing title to real estate? 2. Was the codicil to the will of Mary A. Lanterman a valid, legal codicil for the purpose of passing title to real estate? 3. Was the deed from Mary A. Lanterman to U.S. Grant Lanterman a valid deed?' they return their verdict as follows: We return a special verdict on question number 1 as to her will, it being valid; and to question number 2 we find that the codicil is invalid; to the question number 3, we find that the deed is invalid, and a general verdict in favor of defendant of no cause of action. And so say we all."
We understand that the orphans court rejected the codicil on the special verdict, holding that the finding and judgment wereres adjudicata; the record sent up so indicates.
We do not stop to consider whether a judgment of a law court in ejectment, where title to land is claimed under a will, may be set up as res adjudicata of the invalidity of the will in probate proceedings, the litigants being the same. Assuming that it may, the decision on this appeal may safely rest here: (1) The issue in the law suit was the right *Page 233 
to possession of the land. The defendant held as life tenant under the will and, the will having been held valid, he was entitled to judgment. The codicil was not involved; the question of its validity was gratuitously submitted to the jury, and the verdict is a nullity. See Sbarbero v. Miller, 72 N.J. Eq. 248;affirmed, 74 N.J. Eq. 453. (2) We cannot say from the record whether the jury meant, in answering the second question, that the codicil was invalid for lack of testamentary sufficiency or legal adequacy, or both, for the purpose of passing title to real estate. Testamentary sufficiency would be a pertinent inquiry, but legal adequacy would not be, and it was not the jury's privilege to pass upon it, which it may have done under the form of the question.
The judge of the orphans court was the trial judge in the ejectment suit, specially designated. He could have, by consent or on order, tried and decided the probate question on the evidence before him in the ejectment suit, or the jury might have served as triers in both courts — advisory to the orphans court. In either event we would have the testimony. It is not before us.
The decree of the orphans court is reversed and the cause will be remanded for further proceedings according to law. *Page 234