This bill is by International Brotherhood of Electrical Workers, Local 102, of Paterson, a corporation, and by Joseph Leonard and James Christiano in their own behalf and in behalf of the corporation, against the International Brotherhood of Electrical Workers, Local 52, of Newark. The international president, the international representative, the former officials of Local 102, a corporation, and of Local 52, and delegates of numerous locals of other crafts, individually and as officials, are joined as defendants.
The object of the bill is to nullify a merger of International Brotherhood of Electrical Workers, Local 102, (unincorporated), with Local 52, and to compel the latter to account for the former's assets taken over; also to vindicate the status of Local 102, a corporation, as an integral part of the International Brotherhood.
Ostensibly for the good of the brotherhood, and by the fiat of the international president, Local 102, of Paterson, unincorporated, another local in Elizabeth and a third in Morristown were merged into Local 52 of Newark and dissolved in July, 1931. The dissolved locals surrendered their charters to the international and their property to Local 52, as they were commanded; memberships were also transferred to Local 52. Some of the protesting members of Local 102 refused to affiliate and upon failure to pay their dues became automatically suspended from the organization; the two individual complainants are of that class. Their claim is that the international president had no authority to order the merger. The charge is not without merit. Under the laws of the brotherhood, it would seem that the power to merge locals resides in the international office, a body of twenty-one members, composed of the international president, secretary and treasurer, eight members of the international executive board and ten international vice-presidents, *Page 587 
and it would appear that the exercise of the power by the president was ultra vires and null.
The decree of merger sent to Local 102 is over the president's signature and indicates that it is his ex officio act. If, in fact, the merger was decreed by the international office, and the president simply acted as its amenuensis, the burden rested with the defendant to come forward with the proof.
If the decree was that of the president, and ultra vires, appeal to the courts for redress is proper. The rule requiring primary exhaustion of remedies in the tribunals of the organization applies to abuse of jurisdiction or error in its exercise, not where jurisdiction does not exist.
The present grievance was presented to this court in a bill filed by nineteen members of Local 102 (Docket 86/561) shortly after the merger. It was a class bill on behalf of the local. It was brought against Local 102, a corporation, and its officers, individually and officially. The prayers were to restrain Local 102, a corporation, from exercising its franchise, from merging and to cancel the merger, for an accounting, and for a receiver to wind up its affairs. Local 102, a corporation, was served with process. Local 102, unincorporated, answered, denying corporate existence. The case did not come to trial. The bill was dismissed, as of a hearing, all the complainants consenting. The decree of dismissal is set up as res adjudicata. To that litigation, in behalf of the voluntary body against the corporate body, Local 52 of Newark, now setting up the estoppel, was not a party nor privy to the corporation, which it then and now repudiates. The things to which Local 52 succeeded were those of Local 102, a voluntary body, and if the dismissal of that suit is to be deemed to have been upon the merits, it is conceivable that the judgment upon the issues against the voluntary body inures to Local 52 under the second subdivision of the rule of resadjudicata in Nagel v. Conard, 96 N.J. Eq. 61. However, the case does not turn on this technical defense.
The complainant corporation has no standing to sue. It was not in the merger; it was not dissolved; Local 52 does *Page 588 
not hold its property. The International Brotherhood of Electrical Workers is a voluntary labor union of natural persons enrolled in membership through branches or local units of members. Inherently there can be no corporate unit. In 1929 five members of Local 102 filed in the county clerk's office a certificate of incorporation under "An act to incorporate associations not for pecuniary profits," and assumed the corporate title of International Brotherhood of Electrical Workers, Local 102, of Paterson, New Jersey. Filing of the papers was the work of the five signers. Proposal to incorporate had been submitted to the local and rejected. The incorporators were officers of the local and because they were property owners wanted the corporate shield against personal liability for possible unlawful conduct of the local body — against liability like in the Danbury Hatters strike. The "corporation" never organized. No officers were ever elected; it had no constitution or by-laws, no seal, no meetings or minutes, no members, due or funds. Local 102, International Brotherhood, carried on as before; functioning under the charter from the international authorities, collecting dues, and disciplining its members, and at all times was duly subordinate to the superior body, appealing to its constituted authority to deny the merger when forced upon it against its will, all as provided by the constitution and laws of the union.
Local 102, incorporated, is a pretense, a sham; it never had corporate vitality and cannot be recognized as an injured suitor. The fund which passed to Local 52 at the merger, the subject of this suit, was the property of Local 102, unincorporated.
The two individual complainants cannot save the bill. They sue in their own behalf as members of the corporation. If they have a cause as individual members of Local 102, unincorporated, they could sue in its behalf only by class bill, and that they do not.
The bill will be dismissed. *Page 589