GLADYS LAZZIO, ADMINISTRATRIX AD PROSEQUENDUM OF ROSE HIGGINS, PROSECUTOR, v. PRIMO SILK COMPANY, RESPONDENT.

Submitted October term, 1934—Decided February 26, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Isadore Rabinowitz.*

For the respondent, *Cox & Walburg.*

The opinion of the court was delivered by

PERSKIE, J. The writ of *certiorari* seeks to review a judgment of the Passaic County Court of Common Pleas which affirmed a judgment of the workmen's compensation bureau dismissing the petition filed herein.

It appears, by stipulation in this case, "that an accident happened [to deceased employe] sometime in February [actual date February 11th, 1930], arising out of and in the course of the employment with the respondent as a result of which she [deceased] developed a chronic synovitis of the right knee.

Paragraph 5 of the determination of facts and findings by the bureau states the result reached by it in the premises:

"(5) After a consideration of all the facts and circumstances, I find that when the amount of permanent disability becomes fixed and agreed upon by the parties, the respondent's liability to compensate becomes fixed *and anything which a petitioner may do after the permanent disability becomes fixed cannot be binding upon the respondent, unless at that time further treatment is indicated.*" (Italics ours.)

"I further find as a fact that the chain of causation between the accident and the subsequent death was broken by the deceased herself after her permanent disability had been fixed and it was indicated that no further treatment would be of any avail, and, therefore, the respondent cannot be held liable for this voluntary act of hers."

The finding of the Passaic County Court of Common Pleas discloses, *inter alia,* the following conclusion reached:

"(6) *I am satisfied that there is no causal connection between the development of erysipelas and the synovitis, which was admitted to be the result of the accident.*" (Italics ours.)

Respondent concedes that the facts are, substantially, as set forth by the prosecutor. They are as follows: On March 19th, 1931, Rose Higgins filed a petition for compensation as a result of an accident which she suffered, while employed by respondent, on February 11th, 1930. She struck her right knee against a silk loom as a result of which a chronic synovitis developed in said knee.

A hearing on this petition was held on June 23d, 1931, at which time the commissioner made an award of twenty-two and one-seventh weeks temporary disability, which amount petitioner had already received, and permanent disability equivalent to thirty and five-eighths weeks at $16.67 a week. The last payment matured on February 9th, 1931. Compensation for the final fourteen weeks of the period fixed by the commissioner remains unpaid. Payment thereof, $277, was tendered and petitioner refused it. The undisputed fact should be here marked, and it was so stated by the commis-

sioner, that the alleged compromise agreement, for the aforesaid compensation, dated October 27th, 1931, was not signed by the petitioner. The fact is that she died, of erysipelas, on September 26th, 1931.

On October 5th, 1931, there was filed, in behalf of a daughter, Eleanor Higgins, twenty-two years of age (who is confined in an institution, and has been so confined for the past fifteen years as a mental defective, and who was dependent upon her mother, Rose Higgins, deceased), the petition, here before us, for compensation under the Workmen's Compensation act.

Among the objections raised against the right to the relief sought by the prosecutor is the one that the petition was filed out of time, i. e., the statute of limitation has run.

We hold this objection to be without merit. As already noted the last compensation which ought to have been paid matured on February 9th, 1931; this petition was filed on October 5th, 1931. It was, therefore, clearly presented within the time prescribed by section 23(h) of the Workmen's Compensation act, as amended by chapter 93. *Pamph. L.* 1919, *pp.* 201, 214. *Lusczy* v. *Seaboard By-Products Co.,* 101 *N. J. L.* 170. "It matters not that the decedent did not accept the payment tendered. The tender here was the equivalent of payment in the statutory sense." *Hercules Powder Co.* v. *Nieratko,* 113 *Id.* 195, 200, 201.

It is next urged that there is no provision in the Workmen's Compensation act for an insane, adult child. This objection is, in our opinion, also devoid of any merit. Subdivision (9) of paragraph 12 of the act defines the term "dependents." It, of course, includes "children." It requires or merits no extended discussion to point out that a physical or mental infirmity of a child does not rob it of its relationship to its parents. And it would indeed be a sad commentary if it were to be held that this outstanding, wholesome and humane piece of social legislation did not apply or inure to the benefit of a child, who, by reason of its physical or mental infirmity or incapacity, was made helpless. A dependent child who is mentally or physically infirm or incapacitated

is clearly entitled to the benefits of the act. Nor does the fact that such child is legally unable to receive the compensation due it operate as a bar. Our legislature provided for just such a contingency. *Pamph. L.* 1928, *ch.* 136, *p.* 288.

It is next argued that the cause is improperly styled or captioned. This is so. The prosecutor sued as administratrix *ad prosequendum.* This is improper. But this error is not fatal. The representative designation aforesaid may be treated as mere surplusage, or, at all events, the proceedings may be appropriately amended. *Martin* v. *Lehigh Valley Railroad Co.,* 114 *N. J. L.* 243.

Having disposed of all technical objections we shall now proceed to consider and dispose of the cause on its merits.

We are unable to concur in the result reached by either the bureau or the Court of Common Pleas. And while we are not unmindful of the cases which hold that the result reached by two independent tribunals should not lightly be disturbed on appeal (*Berlinger* v. *Medal Silk Co.,* 113 *N. J. L.* 476; 174 *Atl. Rep.* 558), nevertheless, we do not regard that principle of law as a bar to our consideration of a given case, particularly so if and when we conclude that the result reached merits and needs be disturbed. (Section 11 of the *Certiorari* act.)

We have pointed out the basis for the holdings of the lower tribunals. We have carefully considered the proofs on which each based their result. The proofs leads us to the firm conclusion that it clearly discloses, although no further medical treatment was indicated, at the time of the fixation of respondent's liability, that decedent's doctor, whose competency and professional standing is unquestioned, prescribed the very treatments she used, namely, the rubbing of the knee with liniment and the baking thereof by a lamp. And that the break in the skin at the right knee was caused by a burn resulting from the heat; that the "abrasion was affected and erysipelas started in that way." The doctor further testified "* * * I told the family Mrs. Higgins has developed erysipelas due to the abrasion in her skin; probably from the burn she had." But, said the bureau, in effect, your ail-

ment is a permanent one; no further treatment was indicated, *i. e.,* no further treatment would be of any avail, therefore, the chain of causation between the accident and the subsequent death was broken by decedent herself and thus the employer is absolved.

Prosecutor argues, and we think with great force and merit, that if any employe can receive an increased award after his subsequent accident which did not happen within the scope of his employment, but because of the fact that the original injury had not completely healed at the time of the second accident (*Batton* v. *Public Service Corp.,* 75 *N. J. L.* 857, 860; *Kelly* v. *Lembeck & Betz Eagle Brewing Co.,* 86 *Id.* 471; *Selak* v. *Murray Rubber Co.,* 8 *N. J. Mis. R.* 838; *affirmed,* 108 *N. J. L.* 548), why should not an employe's dependents receive compensation where death follows an attempt to treat the original injury as prescribed by a competent physician. We think that such a dependent should receive compensation.

Should one afflicted with what is presently characterized as an incurable disease, simply sit by, abandon all hope and do nothing about it? Such a course of conduct is not followed by the average, ordinary, prudent person. It is unnatural to expect one to so act. It is not human.

In the case of *Deborah Jewish, &c., Society* v. *State Board,* 7 *N. J. Mis. R.* 779, this court, by Mr. Justice Bodine, had the occasion in treating of the refusal to grant a permit to open a tuberculosis sanatorium, to make this observation:

"The course and communication of disease is not so certainly understood that this court would be justified in saying that the state board of health must grant a permit for the establishment of a tuberculosis sanatorium adjoining a summer vacation center."

Paraphrasing that observation we likewise can, we think, with utmost propriety say that the course and communication of disease is not so certainly understood that this court would be justified in saying that one afflicted with a disease, even if presently characterized as incurable, must do nothing about it. It is common knowledge that the supposed

incurable disease of yesterday is in many instances under relative control to-day.

And, under certain circumstances, our courts have held that there is even an obligation to submit to an operation where in the best medical and surgical opinion the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering and if the workman refuses to submit to the operation then the statutory obligation of the master to compensate for the incapacity will cease. *McNally* v. *Hudson and Manhattan Railroad Co.*, 87 *N. J. L.* 455; *affirmed*, 88 *Id.* 729.

We are, therefore, of the opinion that the deceased under the proofs of the instant case, was fully justified in following the opinion of her physician in the treatment prescribed by him; that the proofs further indicate that there was a chain of causation between the accident and the subsequent death of the employe.

Judgment reversed, with costs. The cause will be remitted to be treated below not inconsistent with the views herein expressed.