**VITO SASSARRO, PETITIONER-PROSECUTOR, v. WRIGHT AERONAUTICAL CORPORATION, A CORPORATION, RESPONDENT-DEFENDANT.**

Argued January 22, 1947—Decided April 3, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the petitioner-prosecutor, *Isadore Rabinowitz* and *Nathan Rabinowitz.*

For the respondent-defendant, *John W. Taylor.*

The opinion of the court was delivered by

EASTWOOD, J.   A rule to show cause why *certiorari* should not issue has been allowed, to review the judgment of the

Passaic County Court of Common Pleas, affirming a judgment of the Workmen's Compensation Bureau, which dismissed petitioner-prosecutor's claim petition. An original claim petition was filed on April 27th, 1943, and resulted, following hearing, in a judgment in petitioner's favor. The Bureau found that the petitioner received injuries to both of his hands from an accident arising out of and during the course of his employment, causing "a disability permanent in quality and partial in character, which is as follows: 20% of total or 100 weeks." No claim for temporary disability was made in that proceeding, and, accordingly, none was allowed. Findings of fact and rule for judgment were entered in the Bureau on July 17th, 1944. On February 24th, 1945, the petitioner-prosecutor filed the petition under review.

The petition in question alleges, *inter alia,* that the petitioner herein was compelled to stop work on January 3d, 1945, by reason of his hand injuries, and returned to work February 19th, 1945. The petition then goes on to say, "this petition is filed for recurrent temporary disability and reimbursement of medical expenses incurred by reason of operation performed upon petitioner's hands." It is to be noted that the petition under review is not a proceeding for review of a formal award made in accordance with the provisions of *R. S.* 34:15–27, but is rather in the nature of an original claim petition alleged to have been brought within the two years' period of statutory limitation, whereby the injured employee seeks recovery for alleged temporary disability and reimbursement of medical expenses arising out of an operation performed upon his hands, for which injuries the employee has previously received an award for partial permanent disability. Counsel for both parties agree that such is the nature of the proceedings. Likewise, it is not disputed that the operation in question resulted in a substantial reduction of the percentage of permanent disability. The record reveals that the original award for partial permanent disability has been paid by the respondent-defendant, and that the money so paid by the employer to the employee, in pursuance of the award, cannot be recovered; there being no provision in the Workmen's Compensation Act for such return.

In so far as we are able to discern from the record, the operation upon petitioner-prosecutor's hands was entirely voluntary on his part. As stated, it is not disputed that the petitioner has received full compensation for his permanent disability. In short, we are now asked to allow a claim for temporary disability occurring after full compliance on the part of an employer with an award of permanent disability, which claim arises from a voluntary action on the part of the injured employee in the nature of an operation upon the injured members of his body. The question at issue is a novel one and we have not had called to our attention any rulings of our courts upon this specific issue. The learned judge below affirmed the judgment of dismissal on the grounds that there was no provision in the Workmen's Compensation Act expressly authorizing, in the circumstances of this case, the dismissed petition and nothing from which such authority may be reasonably implied. See *Sassarro* v. *Wright Aeronautical Corp.*, 24 *N. J. Mis. R.* 57; 46 *Atl. Rep.* (*2d*) 52. In this finding we concur.

The legislature, in its wisdom, in so far as compensation for temporary disability is concerned, provided in the concluding sentence of *R. S.* 34:15-12 a.:

"This compensation shall be paid during the period of such disability not, however, beyond three hundred weeks."

It would seem, and we so hold, that the legislature, in adopting this phraseology, had in mind a single period of temporary disability, provided of course, that the nature and extent of permanent disability had been judicially fixed and determined, and had not increased thereafter. We are not unmindful of that line of cases typified by *Hawthorne* v. *Van Keuren & Son*, 127 *N. J. L.* 501; 23 *Atl. Rep.* (*2d*) 291, opinion by Mr. Justice Case, holding that an employee who has received an award for permanent disability, which subsequently is proved to have increased, is entitled, on proceedings to recover for such increased permanent disability, to have the question of temporary disability disposed of in such proceeding, although the same had not been heard or determined in the original proceedings. Such is not the issue before us. We have here an employee who has been paid

full compensation for a permanent disability, who originally made no claim for any temporary disability, and who now, as the result of an operation in an effort to cure his condition (which, incidentally, has been successful to some extent), now seeks recovery under the act for temporary disability while in the hospital and additionally, for his medical and surgical expenses thereby incurred. We do not think the act contemplated any such recovery for temporary disability. We held in *Safely Insulated Wire and Cable Co.* v. *Court of Common Pleas of Hudson County*, 90 *N. J. L.* 114; 100 *Atl. Rep.* 846, opinion by Mr. Justice Kalisch, involving a decrease in disability, that the basic principle of the Workmen's Compensation Act is indemnity. It can hardly be said that the injured employee in the matter at bar has not been fully compensated and indemnified under the original award. He has received full indemnity as contemplated by the holding in *Safely Insulated Wire and Cable Co.* v. *Court of Common Pleas of Hudson County, supra.* An adjudication is *res adjudicata* as to the compensability of the accident, and as to the nature and extent of petitioner's incapacity, or of his condition and ability, as a result thereof, as of the time of that adjudication. The test is, what was the condition and ability of the petitioner at the time of the award? See *Breheny* v. *County of Essex*, 132 *N. J. L.* 584; 41 *Atl. Rep.* (2d) 890, opinion by Mr. Justice Perskie. To hold that an employee, who has once received full compensation for permanent disability and in the original proceedings makes no claim for temporary disability, and thereafter effects by way of an operation a diminution of his permanent disability, may, thereafter, recover for temporary disability during his stay in the hospital, together with medical and surgical expenses of the operation, would leave the door open to interminable and vexatious claims on the part of employees who have had the nature and extent of their injuries previously judicially determined. Such, we think, was not the intendment of the legislature. As aptly stated in the opinion below, "If the legislature had contemplated, not a single waiting period (as it is elsewhere called in the act), but a possible succession of such periods, it seems to be singular that they

have chosen words 'during the period of such disability,' instead of the words 'during the period or periods of such disability.'" It is urged on behalf of petitioner-proescutor, that all matters, including any liability on his part to return compensation moneys paid, if such is the law, should be determined on a formal hearing of the case with evidence taken, rather than having these facts left to the speculation and conjecture claimed to be indicated throughout the deputy commissioner's order of dismissal. We, however, are unable to sanction any such proceeding in the absence of legislative authority to that effect. The function of a court is to interpret the law, not to enact it. If the act works in any way unscientifically, absurdly, or unjustly, that is for the legislature to correct. We have carefully considered all the other arguments advanced on behalf of petitioner-prosecutor and find them to be without merit.

The rule is accordingly discharged.