21 N.J. Super. 248 (1952)
91 A.2d 113
NICHOLAS JANVARI, PETITIONER-RESPONDENT,
v.
PETER SCHWEITZER CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 21, 1952.
Decided August 22, 1952.
*249 Before Judges SCHETTINO, LLOYD and WOODS.
Mr. John A. Laird argued the cause for petitioner-respondent (Mr. Louis Lebowitz, attorney; Messrs. Roskein & Laird, of counsel).
Mr. Isidor Kalisch argued the cause for respondent-appellant (Messrs. Kalisch & Kalisch, attorneys).
The opinion of the court was delivered by SCHETTINO, J.S.C.
This is a workmen's compensation case. The employer appeals from a judgment awarding compensation for increased disability.
The appeal revolves about the effect to be given to a prior determination between the parties. The first petition was filed on November 13, 1947, and resulted in an award, dated August 9, 1948, for 10% of total permanent disability. On *250 February 9, 1949, the employee submitted to a surgical operation. He testified that he requested the plant superintendent of the employer to furnish surgery, but that factual incident is of no ultimate significance since the employee disavowed any claim for medical expenses connected therewith, and in our view the issues here raised do not depend upon that circumstance. On October 11, 1949, the employee filed a petition for increased disability, which, after the several steps presently described, resulted in the additional award here challenged.
In the present proceeding, the deputy director dismissed the petition on the ground that in the first matter he had adjudged that surgery was not necessary and that that determination as we read the record of his views, either per se precluded the claim for increased disability or, coupled with the employee's failure to seek leave of the Division to undergo the operation, constituted bad faith barring the additional claim. The County Court, 13 N.J. Super. 286, reversed, holding that the prior award did not determine the issue of need for surgery; that the employee's condition, both in terms of pain and physical disability, had worsened after the first award; and that the employee in good faith followed medical advice recommending the operation. The County Court remanded the matter to the Division for a determination upon the merits. The Division then awarded 7 1/2% additional compensation, and the County Court affirmed. From that judgment, this appeal was prosecuted.
Upon the remand, the Workmen's Compensation Division took testimony offered to show that in the first proceeding the issue of surgery was involved and determined. We need not consider the propriety of that proof for the reason that the evidence thus introduced does not affect the result.
From the proof just referred to, we gather that one month before the hearing in the first proceeding there was an informal conference in an effort to adjust the claim, at which the deputy director observed that a letter report of Dr. Harris, one of the employee's physicians, either suggested or *251 recommended surgery. The deputy director thereupon said he would like Dr. Harris to testify at the trial concerning that matter. Dr. Harris did testify but no one inquired of him with respect to the need for surgery. The deputy director made such inquiry of other doctors, who testified they were of the view that surgery was not necessary. In his determination in that proceeding, the deputy director said:
"There has been some indirect allusion to surgery. The greater weight of the credible testimony in this case preponderates against that. I am not an orthopedist but I have had many cases of this type under my direct supervision in the years that I have been hearing compensation cases and I have generally found that even if surgery helps the orthopedic element, it does so at the expense of the neurological condition."
The ordering part of the determination is silent on the subject.
In the present proceeding the deputy director said the question of surgery was raised in the first proceeding "and was actually one of the primary issues in the case." We cannot accept that conclusion. The award in the first matter refers to "some indirect allusion to surgery" and that we find to be the accurate description. Neither the petition nor the answer in the first proceeding raised the issue. The petitioner offered no proof on the subject. The most that can be said is that on his own initiative the deputy director explored the matter in the manner we have described.
We find no basis for the claim of res judicata. The issue of medical or surgical treatment is not necessarily involved in a compensation matter. Hawthorne v. Van Keuren & Sons, 127 N.J.L. 501 (Sup. Ct. 1941) does not suggest otherwise. The issue may be submitted by the employee in his petition for compensation but need not be. Although the concern for the petitioner which the deputy director exhibited in exploring the subject in the first proceeding is commendable and in harmony with the permissive function of a deputy director, yet it is quite a different proposition to suggest that the deputy director may, by such solicitude, *252 inject an issue which the petitioner does not choose to assert and indeed may not even be prepared to prove, and conclude him upon it. Operative procedures involve delicate considerations. An employee may prefer to endure pain or disability rather than hazard an operation and hence may deliberately be unwilling to urge or try the question at the time of the compensation hearing. The impact thereafter of unmitigated or increased suffering may lead him to desire the operation. Hence it would be unreasonable and contrary to the purpose of the statute to elevate the inquiry conducted by a deputy director upon his own initiative into a binding determination of an issue not raised in the petition or otherwise urged by the petitioner. The statute nowhere authorizes the Workmen's Compensation Division to create that issue and force a trial of it. We note, by way of negativing any such statutory purpose, that R.S. 34:15-50, which authorizes an inquiry by the Division on its own motion when no claim for compensation has been filed, provides that the Division may file a petition but only "with the consent of the injured employee, or the dependents of a deceased employee."
The employer argues that compensation procedure need not match the formality required in judicial proceedings. The ultimate proposition here urged goes beyond a mere matter of form. Rather it involves the right to a hearing. When an issue is not inherently involved and would not otherwise be concluded by the judgment, there would be a denial of the fundamental right to be heard if a determination such as here relied upon in the circumstances described were held to be an adjudication of the issue. We see no reason why there should not be here applied the usual rule that a judgment cannot conclude an issue which is neither asserted nor required to be asserted. See Scott v. Stewart, 2 N.J. 508 (1949); In Re Lanterman, 111 N.J. Eq. 231 (Prerog. 1932), affirmed 114 N.J. Eq. 267 (E. & A. 1933); Nagle v. Conrad, 96 N.J. Eq. 61 (Ch. 1924).
Moreover in the nature of the issue, an adjudication could speak only as of the time it was made. It could not control *253 future developments in the employee's condition. The County Court found that petitioner's condition worsened after the first award. The testimony amply supports that finding and in fact the testimony may fairly be said to be uncontradicted. Petitioner testified that his disability increased to the point where he could no longer continue his calling as a blacksmith, and the surgeon who operated found a condition which in his judgment called for surgery and testified that the disability which he found was materially reduced by the operation. Respondent's doctors did not examine the petitioner in the period which intervened between the first award and the operation, and their comparative findings as of the times of the two hearings were not inconsistent with petitioner's proof.
Respondent's charge of bad faith appears to start with the claim of res judicata which we have rejected. If it is asserted independently of that premise, there is neither legal nor factual basis for it. The statute does not require an employee to seek the approval of the Division or to demand medical treatment of the employer except insofar as the employer's liability for medical and surgical expenses are concerned. R.S. 34:15-15. The employee's right to compensation for disability is not conditioned upon either step. Nothing in Robinson v. Jackson, 116 N.J.L. 476 (E. & A. 1936) or R.S. 34:15-23, with which that case was concerned, intimates otherwise. The decision and statutory provision there construed relate to the procedure to be followed by an employer who claims to be prejudiced by an employee's refusal to accept proffered medical and surgical treatment.
The employer further asserts that the increased disability was caused by the surgery. The County Court certainly did not so find. Nor did the deputy director. He, at most, referred to his general view that in such cases surgery should not be pursued because of his belief that what is gained by way of orthopedic improvement is counterbalanced or more by neurological impairment. Nor would the evidence justify the finding which the employer seeks. There is no significant basis for discounting the surgeon's testimony *254 that the operation in fact reduced the disability which existed immediately before the operation. Moreover, if the fact were as the employer asserts, it would not excuse the employer of his liability for the increased disability. The County Court's finding that petitioner reasonably followed the professional advice which he received is fully supported by the evidence and we concur in it. Ducasse v. Walworth Manufacturing Co., 1 N.J. Super. 77 (App. Div. 1948); Lazzio v. Primo Silk Co., 114 N.J.L. 450 (Sup. Ct. 1935).
Judgment is affirmed with costs.