32 N.J. Super. 406 (1954)
108 A.2d 483
WILLIAM VAN TUYL, PETITIONER-RESPONDENT,
v.
FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1954.
Decided October 13, 1954.
*407 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Aaron Gordon argued the cause for petitioner-respondent.
Mr. John J. Monigan, Jr., argued the cause for respondent-appellant (Messrs. Stryker, Tams & Horner, attorneys; Mr. William L. Dill, Jr., of counsel).
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
Appeal is taken from a judgment of the county court affirming a judgment of a deputy director of the Division of Workmen's Compensation, Department of Labor and Industry, wherein appellant was directed to furnish petitioner medical treatment in an attempt to cure a draining sinus in the back resulting from an occupational accidental injury.
*408 Appellant contends that the judgment should be reversed upon two grounds: (1) after there has been an adjudication of the permanent disability resulting from an industrial accident and there has been no worsening of the employee's physical condition, there is no provision in the Workmen's Compensation Act which justifies an order requiring the respondent to furnish additional medical treatment; and (2) the principle of res judicata bars the petitioner from relitigating a question which either was, or could have been, raised in the earlier proceedings.
Judge Drewen of the County Court has comprehensively analyzed the record and we liberally paraphrase his opinion. A chronological statement is in order. On July 29, 1942 petitioner was injured in an accident arising out of and in the course of his employment. The original petition was filed February 5, 1943, and by determination made June 11, 1943 petitioner was awarded compensation for temporary and permanent disability, of 33 1/3% of total. On December 7, 1943 a second petition was filed seeking additional compensation for both temporary and permanent disability. Hearing was held December 10, 1945; and by determination dated December 20, 1945 it was ordered that compensation be paid to petitioner for permanent disability of 66 2/3% of total, with credit for payments previously made, and for temporary disability covering the period from July 28, 1943 to December 18, 1944. Both petitions requested medical treatments. On April 10, 1950 a third petition was filed, alleging an increase in disability since December 20, 1945. On February 9, 1951, after hearing, the petition was dismissed for want of proof. No medical treatments were requested in this petition.
The present petition was filed March 31, 1952. Paragraph 42 reads:
"Petitioner has a wound in his back resulting from his accident of July 29, 1942, which opens up from time to time, discharging pus. From time to time petitioner collapses from pain. He collapsed September 9, 1951 and was advised by his doctor that he needs further medical treatment and perhaps an operation. Respondent has refused this request."
*409 The deputy director determined that petitioner was entitled to the medical treatment sought, including surgery, and in specified alternatives ordered respondent to provide accordingly. The County Court concluded likewise.
Appellant's position upon the question of the effect to be given the prior determinations seems to be as follows: petitioner's present condition is viewed as one of long standing and continuously unchanged from and after the filing of the first petition. That once the disability resulting from a compensable accident has become permanent in the sense that no further improvement can reasonably be anticipated, the obligation of an employer to pay temporary disability benefits ceases. Therefore, if there is no reasonable basis for anticipating improvement in the petitioner's physical condition and the effects of the accident have become permanent, furnishing further medical treatment is not an obligation imposed upon an employer by the Workmen's Compensation Act. In other words, once the permanent disability has become fixed and there can be no worsening or betterment of the employee's condition, no further benefits for temporary disability are required, for in the absence of a change in circumstance, only one period of temporary disability was contemplated by the Legislature. Sassarro v. Wright Aeronautical Corp., 135 N.J.L. 366 (Sup. Ct. 1947).
The record shows that petitioner suffers from a draining sinus of the back and the wound opens and closes periodically, as often as once a week. Petitioner states the pain is especially intense just before the wound opens, relief follows only after it opens and discharges. Appellant says that petitioner admits that the wound has been occasionally opening and closing ever since the time of the first operation; that there has been no increase in petitioner's permanent disability since the February 9, 1951 determination, and for present purposes this may be taken as true.
It is clear that in none of the three prior determinations was petitioner's right to medical treatment questioned. Similarly, appellant nowhere alleges that any of the earlier petitions sought medical treatment for the condition described *410 in paragraph 42 of the present petition. In essence, then, the position taken is that if a petitioner does not demand medical treatment prior to a determination for a disability which has become permanent, an employer is no longer obliged to provide it, once the determination has been rendered; that since the first two petitions sought medical treatment and the third petition could have asserted the need for such treatment but did not, the present action for medical treatment is barred under the doctrine of res judicata, citing Bango v. Ward, 12 N.J. 415, 424 (1953).
In Janvari v. Peter Schweitzer Co., 21 N.J. Super. 248, 251-252 (App. Div. 1952), this court said:
"We find no basis for the claim of res judicata. The issue of medical or surgical treatment is not necessarily involved in a compensation matter. Hawthorne v. Van Keuren & Son, 127 N.J.L. 501 (Sup. Ct. 1941), does not suggest otherwise. The issue may be submitted by the employee in his petition for compensation but need not be. * * * Operative procedures involve delicate considerations. An employee may prefer to endure pain or disability rather than hazard an operation and hence may deliberately be unwilling to urge or try the question at the time of the compensation hearing. The impact thereafter of unmitigated or increased suffering may lead him to desire the operation. * * *
The employer argues that compensation procedure need not match the formality required in judicial proceedings. The ultimate proposition here urged goes beyond a mere matter of form. Rather it involves the right to a hearing. When an issue is not inherently involved and would not otherwise be concluded by the judgment, there would be a denial of the fundamental right to be heard if a determination such as here relied upon in the circumstances described were held to be an adjudication of the issue. We see no reason why there should not be here applied the usual rule that a judgment cannot conclude an issue which is neither asserted nor required to be asserted. See Scott v. Stewart, 2 N.J. 508 (1949); In re Lanterman's Will, 111 N.J. Eq. 231 (Prerog. Ct. 1932), affirmed [Lanterman v. Smith] 114 N.J. Eq. 267 (E. & A. 1933); Nagle v. Conrad, 96 N.J. Eq. 61 (Ch. 1924)."
Appellant further argues that a determination of temporary and permanent disability legally includes a determination that petitioner is not entitled to medical treatment, even though the question of that right be not actually resolved in the determination. Judge Drewen on that point said:
*411 "The prime weakness in respondent's contention is that the statutory scheme clearly differentiates between the furnishing of medical treatment and the paying of compensation for temporary and permanent disability. Separate sections deal separately with these matters. R.S. 34:15-12 contains the schedule of payments for temporary and permanent disability, while R.S. 34:15-15 independently provides:
`The employer shall furnish to the injured workman such medical, surgical and other treatment, and hospital service as shall be necessary to cure and relieve the workman of the effects of the injury and to restore the functions of the injured member or organ where such restoration is possible * * *.'
Notwithstanding the fact that the latter section imposes no limitation as to when such treatment shall be sought, respondent insists the workman must demand it prior to a determination of temporary and permanent disability. It argues that the legislation prescribes a scheme of benefits to the workman which are consecutive in character, particular reference being made to R.S. 34:15-16. This section, however, explicitly excepts from such consecutiveness the provisions of section 34:15-15.
Respondent, apparently referring to one or the other of the aforementioned sections, declares: `The effect of the forgoing provision of the Workmen's Compensation Act was considered by the former Supreme Court in Sassarro v. Wright Aeronautical Corporation, (Sup. Ct. 1947), 135 N.J.L. 366.' While the question in the cited case is somewhat like the present one, the former Supreme Court neither considered nor mentioned the effect to be given the provisions aforementioned. It can hardly be said, therefore, that the decision should rule their interpretation. Compare Lazzio v. Primo Silk Co., 114 N.J.L. 450 (Sup. Ct. 1935), affirmed 115 N.J.L. 506 (E. & A. 1935). There the worker, after an award of permanent disability for a synovitic knee, attempted upon medical prescription to cure the knee by liniment rubs and lamp treatment. The treatment caused erysipelas, resulting in death. Petition was filed on behalf of decedent's daughter, a mental incompetent. The Bureau dismissed the petition on the ground that `when the amount of permanent disability becomes fixed and agreed upon by the parties, the respondent's liability to compensate becomes fixed and anything which a petitioner may do after the permanent disability becomes fixed cannot be binding upon the respondent, unless at that time further treatment is indicated.' It was further found by the Bureau that `the chain of causation between the accident and the subsequent death was broken by the deceased herself after her permanent disability had been fixed and it was indicated that no further treatment would be of any avail * * *.' The Common Pleas affirmed the dismissal on the ground, inter alia, that there was no causal connection between the development of erysipelas and the synovitis. The Supreme Court reversed. The significance of this case, for present purposes, lies in the fact that the knee condition that was treated *412 after the determination of permanent disability was in existence at the time of the determination."
We agree with the County Court that R.S. 34:15-15 specifically entitles petitioner to the relief sought, and we arrive at this conclusion without the necessity of liberally construing the Workmen's Compensation Act. Sanders v. Jarka Corp., 1 N.J. 36, 42 (1948); Colbert v. Consolidated Laundry, 31 N.J. Super. 588, 594 (App. Div. 1954). He is entitled to be cured if he can be and no one afflicted with what is presently characterized as an incurable disease need simply sit by, abandon all hope and do nothing about it; "It is unnatural to expect one to so act. It is not human." Lazzio v. Primo Silk Co., 114 N.J.L. 450, 454 (Sup. Ct. 1935). Here, credible medical testimony was submitted that petitioner proved his need for the treatment sought; that, although the operation involves a risk, it is the petitioner's choice to make the decision; and finally that surgical intervention might effect a complete cure. The petitioner is entitled to his chance to free himself of the painful condition of his back.
The form of the judgment is proper. R.S. 34:15-15 provides in the first paragraph for situations in which "the employer shall furnish to the injured workman" treatments and also provides in the second paragraph that the employer shall be liable for medical treatments when the employer has refused or neglected to furnish treatment and the employee secures it on his own behalf. If the appellant here refuses to furnish the treatment because its medical advisers deem it inadvisable, the petitioner may obtain the services at the expense of the appellant. Donofrio v. Haag Brothers, Inc., 10 N.J. Super. 258, 265 (App. Div. 1950).
The findings of the deputy director and the County Court are affirmed.