183 N.J. Super. 407 (1982)
444 A.2d 60
JOHN E. THEODORE, PLAINTIFF-APPELLANT,
v.
DOVER BOARD OF EDUCATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 9, 1982.
Decided February 23, 1982.
*410 Before Judges MATTHEWS, PRESSLER and PETRELLA.
G. Martin Meyers attorney for the appellant.
Friedman, Seeber, Bowkley & Greb attorneys for the respondent (Eugene M. Friedman on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal raises, in the context of both procedural and jurisdictional anomalies, a novel question of interpretation of N.J.S.A. 18A:30-2.1, which provides for the payment of sick leave benefits to a school board employee disabled as the result of a work-connected injury.
Plaintiff John Theodore, pursuant to annual contracts, had been continuously employed by the Dover Board of Education (Board) as a custodian since 1956. In February 1978 he sustained a back injury while operating a snow blower on school premises and ultimately underwent disc surgery. He filed a workers' compensation claim and obtained benefits as a result thereof. In June 1979 he returned to work and continued to perform his duties uneventfully for the next seven months. In February 1980, while standing on a ladder and reaching up to change a light bulb, he allegedly re-injured his back. As a result thereof, he was unable to return to work because of activity restrictions placed upon him by his physician. Some two months later he was advised by the Board that he would not be offered a contract for the ensuing school year.
It was Theodore's belief that his employment had been wrongfully terminated in retaliation for his having pursued his workers' compensation rights.[1] See N.J.S.A. 34:15-39.1 and.2. Accordingly, he brought an action, encaptioned in the Chancery Division, seeking redress as authorized by the holding of Lally v. *411 Copygraphics, 173 N.J. Super. 162 (App.Div. 1980), aff'd 85 N.J. 668 (1981). We are constrained to note that the Chancery Division designation was improper. In view of the essentially tort nature of the cause of action, it belonged in the Law Division. While that error represented a misallocation of the business of the trial court divisions, it is nevertheless clear that it was not a jurisdictional error. See R. 4:3-1.
In any event, trial commenced in October 1980, during the course of which the judge permitted amendment of the complaint to allege a cause of action pursuant to N.J.S.A. 18A:30-2.1. That section provides in full as follows:
Whenever any employee, entitled to sick leave under this chapter, is absent from his post of duty as a result of a personal injury caused by an accident arising out of and in the course of his employment, his employer shall pay to such employee the full salary or wages for the period of such absence for up to one calendar year without having such absence charged to the annual sick leave provided in sections 18A:30-2 and 18A:30-3. Salary or wage payments provided in this section shall be made for absence during the waiting period and during the period the employee received or was eligible to receive a temporary disability benefit under chapter 15 of Title 34, Labor and Workmen's Compensation, of the Revised Statutes. Any amount of salary or wages paid or payable to the employee pursuant to this section shall be reduced by the amount of any workmen's compensation award made for temporary disability.
Following trial, the judge concluded that the Board had terminated plaintiff's employment solely because of his disability and consequent inability to do the job, and further, that under the circumstances, that action was a reasonable managerial decision. The retaliatory firing count of the complaint was accordingly dismissed, and plaintiff does not challenge that dismissal. In respect of the Title 18A claim, which was based on the alleged February 1980 injury, it was the judge's conclusion that there were insufficient facts before him to permit its proper adjudication. He, therefore, directed the Board to make an administrative evaluation and decision as to plaintiff's right to relief under the statute and further accorded the plaintiff the right, if aggrieved by the Board's determination, to seek review thereof in the cause.
*412 The Board promptly complied with the judge's direction and conducted a hearing. The record does not indicate whether a transcript thereof was made. In any event, the Board's findings and conclusions were set forth in its letter to plaintiff's counsel. The Board rejected plaintiff's claim, concluding that his symptoms following the February 1980 incident on the ladder were merely the continuing symptoms of the original injury and not attributable to an "accidental" reinjury within the intendment of N.J.S.A. 18A:30-2.1. Plaintiff then sought review of this determination in the trial court in accordance with the judge's earlier directive, and an evidential hearing on this issue ensued.
As the judge viewed the issue, plaintiff would have been entitled to a new 12-month period of benefits under the statute if an accident as defined thereby had occurred in February 1980. He concluded, however, that while some kind of episode had occurred as plaintiff was attempting to change a light bulb, that episode was not an accident within the statutory intendment since it involved neither a direct impact nor an injury sustained as a result of unusual strain or stress. It was rather his determination that plaintiff had exacerbated his original back injury while engaged in the usual physical motions of his job and that such an event did not qualify as an "accident arising out of and in the course of" the employment. Plaintiff's claim was accordingly dismissed and he appeals.
Our first concern, which has not been addressed by the parties, is based on the nature of the controversy here. In essence, plaintiff was aggrieved by an adverse determination of a local school board. His redress was, therefore, by way of an action in lieu of prerogative writs. But before such an action is ripe for adjudication by the court, administrative remedies must be exhausted. See, e.g., R. 2:2-3(a); R. 4:69-5. The administrative remedy here was a proceeding before the Commissioner of Education since the dispute arose under the school laws. It is, of course, clear that the Commissioner "has fundamental and indispensable jurisdiction over all disputes and controversies *413 arising under the school laws" and that, moreover, the Supreme Court "has repeatedly reaffirmed the great breadth of the Commissioner's power." Hinfey v. Matawan Regional Bd. of Ed., 77 N.J. 514, 525 (1978). Since the question of plaintiff's entitlement to benefits involved both factual and legal questions and since no emergent implication of the public interest was involved, the doctrine of exhaustion of remedies clearly applied. Hence the trial court was obliged to defer the exercise of jurisdiction. See, e.g., East Brunswick Tp. Bd. of Ed. v. East Brunswick, 48 N.J. 94 (1966); State v. Whitlow, 45 N.J. 3 (1965); Matawan v. Monmouth Cty. Tax Bd., 51 N.J. 291, 296 (1968).
Clearly, the proper and orderly disposition of this controversy required the trial judge to transfer the plaintiff's claim to the Commissioner of Education pursuant to R. 1:13-4. A party aggrieved by his determination would then have had the right to appeal to the State Department of Education pursuant to N.J.S.A. 18A:6-27, and its decision would in turn have been reviewable by this court pursuant to R. 2:2-3(a)(2). In any event, the matter was not within the trial court's jurisdiction over actions in lieu of prerogative writs pursuant to R. 4:69 since ultimately it was a state administrative agency determination rather than a determination of local agency which would have been required to be reviewed. There was no warrant here for the trial judge to have deviated from the foregoing scheme for adjudication of school-law disputes and review thereof established both by the Legislature and by court rule. Unless there are exceptional circumstances making the exhaustion of remedy doctrine inapplicable, school-law disputes do not constitute part of the cognizable judicial business of the trial courts.
The fact that the trial judge nevertheless chose to accept and exercise jurisdiction here presents us with a dilemma. If we were simply to vacate the judgment below on this ground and leave plaintiff to pursue his administrative remedy ab initio, we would be indulging in an evident waste of both judicial and administrative resources as well as imposing an undue burden on *414 plaintiff. We are satisfied, however, that these consequences are avoidable. As we have heretofore indicated, with respect to school-law controversies, particularly where a local board's decision is challenged, it is the exhaustion of remedies doctrine which requires first resort to the administrative process. The implication of that doctrine is that the court should defer exercise of its jurisdiction, not that it lacks basic and fundamental jurisdiction. Indeed, the waivability of the doctrine in exceptional situations is predicated on the court's underlying jurisdiction. Furthermore, even if we were to regard the matter not as an exhaustion of remedies problem but rather as one involving the question of primary jurisdiction, we are satisfied that while the agency has priority of initial adjudicatory jurisdiction, the court would nevertheless not be without jurisdiction but, again, would only be obliged to defer jurisdiction.[2] See, generally, 3 Davis, Administrative Law, § 19.10 at 1-3. And see Patrolman's Benev. Ass'n v. Montclair, 70 N.J. 130, 135 (1976).
Since we are thus satisfied that the trial judge had subject matter jurisdiction in the strict sense even though he should not have exercised it, we opt to accept his findings of fact as constituting a jurisdictionally viable adjudication adequately supported by credible evidence in the record. That being so, the question is whether N.J.S.A. 18A:30-2.1 was properly applied to the facts as found. Thus, the substantive question before us is simply the meaning of the phrase "accident arising out of or in the course of his employment" as used in that statute. This is a strictly legal question of statutory interpretation which typically is exempt from the exhaustion of remedies doctrine. See, e.g., Matawan v. Monmouth Cty. Tax Bd., supra. The court is, moreover, in any event not bound by the agency's statutory construction. See, e.g., In re Boardwalk Regency Casino License *415 Application, 180 N.J. Super. 324, 333 (App.Div. 1981). Since it is the statutory construction issue which is the basis of this appeal and the fundamental question posed by it, we have elected to determine it now without transfer or remand to the Commissioner of Education.
As to that issue, we are persuaded that the phrase as used in N.J.S.A. 18A:30-2.1 was intended to have precisely the same meaning as it does in the context of the Workers' Compensation Act. This is made clear by the Statement accompanying the 1967 amendment of N.J.S.A. 18A:30-2.1, which notes that its purpose is "to provide leave of absence with pay in cases of injuries or illness arising from employment and subject to the Workman's Compensation Act." The pertinent provision of the Workers' Compensation Act, N.J.S.A. 34:15-7, provides for benefits to an employee for injuries or death sustained "by accident arising out of and in the course of employment," the same formulation as is used in N.J.S.A. 18A:30-2.1. In the workers' compensation context, except in the so-called heart cases, the term "accident" has traditionally been construed to include all work-related episodes and events resulting in injury, and indeed all unexpected injuries, whether or not unusual strain or exertion was involved and whether or not there was a direct impact. See, e.g., Thornton v. Chamberlain Mfg. Corp., 62 N.J. 235, 238 (1973); Neylon v. Ford Motor Co., 10 N.J. 325, 326-327 (1952); Ptak v. General Electric Co., 16 N.J. Super. 573, 575-576 (App. Div. 1951). Thus, there can be no question that a compensable accident was involved in the workers' compensation sense when plaintiff reinjured his back attempting to replace a light bulb. Since it was a compensable accident in the workers' compensation sense, we are satisfied that it was also an accident within the remedial scope and contemplation of N.J.S.A. 18A:30-2.1.
It appears to us that in actuality the trial judge's insistence that a qualifying accident involve an impact or unusual stress inappositely imported the quite different and substantially stricter statutory standard ordinarily employed in respect of *416 accidental disability retirements under the pension laws. We note, however, that the Legislature left no doubt of its intention that for purposes of pension statutes, the term "accident" should not be accorded the expansive definition of the workers' compensation jurisprudence. It expressed this intention by substituting the phrase "traumatic event" in the pension legislation for the term "accident" originally used therein. See Russo v. Teachers' Pension and Annuity Fund, 62 N.J. 142 (1973); Cattani v. Police & Firemen's Retirement Sys. Trustee Bd., 69 N.J. 578 (1976); Gerba v. Public Employees' Retirement Sys. Trustees, 83 N.J. 174, 183 (1980). And see Skulski v. Nolan, 68 N.J. 179 (1975), holding that since N.J.S.A. 43:10-4, a county pension statute, since repealed, had not substituted the "traumatic event" concept for the original "accident" formulation, the latter would control subject to its workers' compensation usage.
The Legislature here has used identical verbiage in both N.J.S.A. 18A:30-2.1 and N.J.S.A. 34:15-7. Particularly in view of the legislative statement above referred to, we are satisfied that it intended the phrase to have the same construction and consequence in both statutes. We are, moreover, persuaded that such identity of construction is consonant with the rationale of Russo v. Teachers' Pension and Annuity Fund, supra, 62 N.J. at 146-148, which distinguished between the essentially different purposes intended to be achieved by workers' compensation legislation and pension statutes. In this context, the express function of N.J.S.A. 18A:30-2.1 is to complement workers' compensation benefits for a strictly limited time period. The provision, therefore, does not either enhance retirement rights or implicate any of the actuarial concerns of the pension statutes.
The judgment of the trial court is reversed. Defendant Board of Education shall pay plaintiff the benefits to which he is entitled pursuant to N.J.S.A. 18A:30-2.1. Any dispute which shall arise between the parties respecting the payment of such benefits shall be resolved by petition to the Commissioner of Education. We do not retain jurisdiction.
NOTES
[1] The termination letter did in fact refer to plaintiff's improper simultaneous receipt of compensation benefits and salary.
[2] The school laws do not suggest that the Commissioner's primary jurisdiction is exclusive of court jurisdiction.