208 N.J. Super. 461 (1985)
506 A.2d 356
LILLIAN B. FORGASH, PETITIONER-RESPONDENT,
v.
LOWER CAMDEN COUNTY SCHOOL, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1985.
Decided December 31, 1985.
*463 Before Judges FRITZ and GAYNOR.
Charles A. Little argued the cause for appellant (Fratto, Little, Alessi & Abbott, P.A., attorneys; Charles A. Little on the brief).
Jan R. Evans argued the cause for respondent.
PER CURIAM.
The sole issue raised on this appeal is whether the doctrine of res judicata or the principle of collateral estoppel precludes petitioner, a public school teacher, from litigating the issue of temporary disability in a workers' compensation action when sick leave benefits for such disability had been denied in an administrative proceeding initiated under N.J.S.A. 18A:30-2.1. Having determined that the result of the administrative proceedings did not constitute a bar to his consideration of petitioner's claim, the judge of compensation made an award for the work-related temporary disability previously denied by the commissioner of education. We agree with the judge's determination and affirm the award.
Petitioner was employed by the Board of Education of Lower Camden County (Board) as a physical education teacher. During this employment and over the course of several years petitioner sustained various injuries of an orthopedic nature. After the last injury, following her physician's advice that her employment was aggravating her condition, she took a three-month's *464 leave of absence commencing April 1, 1978. As there was no improvement in her condition, the leave of absence was extended four times until March 31, 1980. On June 23, 1978, petitioner had requested sick leave benefits pursuant to N.J.S.A. 18A:30-2.1. This request was denied by the Board and subsequently by the commissioner of education, who affirmed the October 9, 1981 conclusion of an administrative law judge that petitioner had failed to show that work-related activities were the direct cause of her inability to work. During the pendency of these proceedings, petitioner had filed several claim petitions with the Division of Workers' Compensation for injuries sustained during the course of her employment by the Board and received awards for partial total permanent disability. These awards are not being challenged. The award which is the subject of this appeal was for a claim which alleged that the occupational stress and strain of petitioner's job activities precipitated or aggravated a back and bilateral knee pathology.
The judge of compensation found that petitioner's exposures to the stresses, strains and trauma of her employment contributed in a material degree to the precipitation, aggravation or acceleration of her orthopedic and neurologic condition, resulting in temporary disability from March 13, 1978, the day after she last worked for the school district, until June 22, 1979, the date when her treating physician indicated that she was as far restored as the permanent character of her injuries would permit. This finding contrasted with the administrative law judge's determination that the petitioner had failed to demonstrate that her work-related injuries were the direct cause of her inability to continue employment as a physical education teacher.
Respondent argues the doctrines of collateral estoppel and res judicata both serve as a bar to the relitigation in the compensation court of petitioner's claim of temporary disability for the stated injury, asserting that the non-compensability of *465 the alleged injury was controlled by the commissioner's decision in the administrative proceedings. It is claimed petitioner was bound by the prior determination and thus could not relitigate the same fact issue before the compensation court. Otherwise, petitioner, in effect, obtained a second bite of the apple.
Although petitioner concedes that the principles of res judicata and collateral estoppel are applicable to proceedings before administrative tribunals, she asserts that the judge of compensation correctly concluded that the prior decision by the commissioner of education did not bar the compensation proceedings as the compensability of her disability was a legal issue and a new determination was warranted to avoid an inequitable result.
Res judicata as a principle of law precludes a party from relitigating issues which were previously fairly litigated and determined finally. See Lubliner v. Paterson Bd. of Alcoholic Bev. Control, 33 N.J. 428, 435 (1960). The general requirements for the application of this doctrine are a final judgment by a court or tribunal of competent jurisdiction, identity of issues, parties and cause of action. Eatough v. Bd. of Medical Examiners, 191 N.J. Super. 166, 173 (App.Div. 1983). Collateral estoppel bars relitigation of any issue or fact actually determined in a prior action, generally between the same parties, involving a different claim or cause of action. State v. Gonzalez, 75 N.J. 181, 186 (1977). While these rules of issue preclusion are basically judicial in origin, it has been recognized that they have especial relevance for administrative adjudications. City of Hackensack v. Winner, 82 N.J. 1, 31 (1980). As observed in Winner:
[I]t is consistent with this constitutional philosophy to apply to administrative agencies, in appropriate situations, judicial rules conducive to the ends of intergovernmental compatibility and harmony, such as res judicata, collateral estoppel, the single-controversy doctrine and the like. Decisions have stressed that the policy considerations which support these judicial doctrines  namely, finality and repose; prevention of needless litigation; avoidance of duplication; *466 reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness  have an important place in the administrative field. [citations omitted, 82 N.J. at 32-33.]
Although such important goals are achievable through a selective application of these doctrines in administrative porceedings, agencies possessing a distinctive functional character or providing unique or special remedies are entitled to, and may be required to, exercise their statutory powers over controversies properly before them regardless of whether similar relief might have been available to the complainant through other administrative proceedings. That the aggrieved party may thereby "proverbally gain two strings to the bow or two bites of the apple" does not necessarily preclude the subsequent administrative proceeding. Id. at 30-31. Furthermore, where the issue is purely one of law and equitable considerations warrant a new determination, the doctrine of res judicata will not be permitted to bar reconsideration despite a previous adjudication. Plainfield v. Public Serv. Elec. and Gas Co., 82 N.J. 245, 258-259 (1980).
In the present case, the distinctive function and expertise of the compensation court qualified it as the more appropriate tribunal for the adjudication of petitioner's controverted claim for her work-related injuries. Furthermore, this agency was entitled to exercise primary jurisdiction over petitioner's claim in view of the "exclusive original jurisdiction" which had been conferred on it with respect to such matters. N.J.S.A. 34:15-49. See Handleman v. Marwen Stores Corp., 53 N.J. 404, 412 (1969). Thus, the judge of compensation was entitled to, if not required to, entertain petitioner's claim and proceed to a final determination despite the prior denial of N.J.S.A. 18A:30-2.1 benefits.
Moreover, as the express function of N.J.S.A. 18A:30-2.1 is to complement workers' compensation benefits for a strictly *467 limited time period, a proceeding pursuant to that statute may not be utilized to supplant the function of the compensation court. By its terms, this statute contemplates a prior determination of a compensable injury by the compensation court before consideration by the commissioner of the eligibility of the injured employee for the additional benefits provided by the statute.
Further, the asserted doctrines of issue preclusion did not prevent consideration by the compensation court of petitioner's claim as the fundamental question in the case involved a matter of law and its determination was required to avoid an inequitable result. The compensability of petitioner's claimed disability required an interpretation and application of N.J.S.A. 34:15-7 with respect to the causal relationship between a work-related injury and the asserted aggravation or exacerbation of a preexisting condition. Although dependent upon the relevant facts, a finding of causality requires the application of the proper legal standard. In finding a causal relationship between petitioner's injury and her disability, the compensation judge applied the correct standard whereas the administrative law judge did not. See Theodore v. Dover Bd. of Ed., 183 N.J. Super. 407 (1981). If the judge had been precluded from making this new determination, petitioner would then have been denied any recompense for her compensable injury. Such an inequitable administration of the law was avoided by the completion of the compensation proceedings.
We are therefore satisfied that the judge of compensation had ample and sufficient reason for disregarding the rules pertaining to issue preclusion and proceeding to a determination of petitioner's claim. The judgment dated October 4, 1984 is affirmed.