602 A.2d 809

MARION SANDERS, PLAINTIFF, v. LARRY HUNTER, JOHN DOE (FICTITIOUS NAME), RICHARD ROE (FICTITIOUS NAME), SAMUEL F. FORTUNATO, COMMISSIONER OF INSURANCE OF THE STATE OF NEW JERSEY, CVH SERVICES, CHAD HAGERTY AND ACME INSURANCE COMPANY (FICTITIOUS NAME), DEFENDANTS.

Superior Court of New Jersey
Law Division Essex County

Decided November 12, 1991.

*Lorre Sylvan Smith* for plaintiff.

*Warren A. Koshofer* for defendant (*Beattie Padovano,* Esqs.).

ROSEMARY HIGGINS CASS, J.S.C.

In this matter the defendant Commissioner moved to declare the plaintiff Marion Sanders (hereinafter Sanders) ineligible to recover benefits from the Unsatisfied Claim and Judgment Fund (UCJF) pursuant to *N.J.S.A.* 39:6–78(d), 39:6–85 and 39:6–86.6. Plaintiff opposed said motion. After hearing oral argument, I reserved decision to consider the inter-relationship of the several statutes herein implicated. I now hold that the Commissioner is not entitled to recovery against this complainant under *N.J.S.A.* 39:6–86.6.

For purposes of this motion, the following facts are assumed. Sanders operated an uninsured motor vehicle owned by C.V.H. Services.* He was unaware that the automobile was not in-

---

* There had been some colloquy between counsel and the Court on the date of oral argument of this motion concerning whether Sanders' automobile may have been a commercial vehicle and/or one registered to an out of state owner. In either case, the statute would then preclude recovery from the

sured on January 6, 1989, the date on which an accident occurred. Sanders was injured when the auto he was operating was struck by a "hit and run" driver, but he was able to obtain the license number of the fleeing auto and thus ascertain the name of the owner of the car as Larry Hunter. Sanders had no insurance policy of his own, nor did he reside in a household with automobile liability insurance.

The sole issue before me is whether *N.J.S.A.* 39:6–86.6 requires Sanders to repay to the Commissioner any recovery he might receive against the UCJF pursuant to *N.J.S.A.* 39:6–78(d) and 39:6–86.1 and 39:6–86.4. It is the Commissioner's contention that if he can recover from claimant under *N.J.S.A.* 39:6–86.6, then said provision should operate to bar Sanders from recovery in the first place.

*N.J.S.A.* 39:6–86.6 reads as follows:

**39:6–86.6. Recovery of benefits paid by fund**

The commissioner shall be entitled to recover on behalf of the Unsatisfied Claim and Judgment Fund for all payments made by it pursuant to sections 7 and 10 of this act, (1) regardless of fault, from any person who owned or operated the automobile involved in the accident and whose failure to have the required insurance coverage in effect at the time of the accident resulted in the payment of personal injury protection benefits. · If the identity of the owner and operator is not ascertained until after personal injury protection benefits have been paid then the commissioner shall be entitled to recover for such payments, regardless of fault, from the operator if he was driving without the owner's permission or from the operator and the owner if he was driving with the owner's permission or, in either case, from the insurer if there is an insurance policy providing personal injury protection benefits that was in effect at the time of the accident with respect to such automobile.

The commissioner is authorized to bring an action, which shall be a summary proceeding, in the Superior Court to reduce the right provided by this section to judgment.

L.1972, c. 198, Sec. 12, eff. Jan. 1, 1973. Amended by L.1985, c. 148, Sec. 19, eff. April 24, 1985.

(1) Sections 39:6–86.1 and 39:6–86.4.

This statute must be interpreted *in pari materia* with several earlier sections of the UCJF law, *N.J.S.A.* 39:6–61 et seq.,

---

Fund. See *N.J.S.A.* 39:6–86.1 and *N.J.S.A.* 39:6A–2. However, this issue is not presently before me.

which permits recovery by qualified persons against the UCJF when the person responsible for personal injuries or property damage is not insured. The purpose of the Act is to provide compensation to persons involved in auto accidents with irresponsible persons and the Act shall be construed to carry out its beneficial purposes. *Gray v. Tice,* 52 *N.J.Super.* 309, 145 *A.*2d 353 (Law Div.1958); see also *Holmberg v. Aten,* 68 *N.J.Super.* 73, 79, 171 *A.*2d 667 (App.Div.1961).

A "qualified person" is defined in *N.J.S.A.* 39:6–62 as

a resident of the State or the owner of a motor vehicle registered in this State or a resident of another state, territory or federal district of the United States, or province of Canada or of a foreign country in which recourse is afforded to residents of this State of substantially similar character to that provided for this Act; ...

Where proper notice of intent has been filed with the State pursuant to *N.J.S.A.* 39:6–65 and after judgment recovered, the qualified person may file a verified claim pursuant to *N.J.S.A.* 39:6–69 with the court in which judgment has been entered for an order directing payment out of the Fund of any amount unpaid upon such judgment. In such instance, he must satisfy the court that he has complied with the requirements of *N.J.S.A.* 39:6–70, which reads in pertinent part as follows:

**39:6–70. Hearing on application for payment of judgment**

The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show:

(a) He is not a person covered with respect to such injury or death by any workers' compensation law, or the personal representative of such a person,

(b) He is not a spouse, parent or child of the judgment debtor, or the personal representative of such spouse, parent or child,

(c) He was not at the time of the accident a person (1) operating or riding in a motor vehicle which he had stolen or participated in stealing or (2) operating or riding in a motor vehicle without the permission of the owner, and is not the personal representative of such a person,

(d) He was not at the time of the accident, the owner or registrant of an uninsured motor vehicle, or was not operating a motor vehicle in violation of an order of suspension or revocation,

(e) He has complied with all of the requirements of section 5,

(f) The judgment debtor at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay in whole or in part the amount of the judgment,

(g) He has obtained a judgment as set out in section 9 of this act, stating the amount thereof and the amount owing thereon at the date of application,
...

If then an order for payment is made, pursuant to *N.J.S.A.* 39:6–71, all rights in and under the judgment are assigned to the Commissioner of Insurance (*N.J.S.A.* 39:6–77). This is also so if the matter is settled between the parties and approved by the court, *N.J.S.A.* 39:6–72.

The statute further permits in Section 39:6–78 a direct action to be brought against the Commissioner for recovery of personal injuries in so called "hit and run" cases provided that the claimant has complied with *N.J.S.A.* 39:6–65 and additionally that among other requirements

*The claimant was not at the time of the accident the owner or registrant of an uninsured motor vehicle* or was not operating a motor vehicle in violation of an order of suspension or revocation. (emphasis supplied). (*N.J.S.A.* 39:6–78(c)).

Whether the claim is thereafter adjudicated or settled vis a vis the Commissioner, once again the Commissioner is subrogated to the cause of action of the judgment creditor against the

operator and owner of the motor vehicle by which the accident was occasioned and shall bring an action ... when and in the event that the identity of either or both of such persons shall be established ... *N.J.S.A.* 39:6–85.

In consonance with these provisions and in furtherance of the purpose of the Personal Injury Protection benefits of *N.J.S.A.* 39:6A–1 *et seq.* (the New Jersey Automobile Reparation Reform Act) persons qualified to receive payments under the UCJF, *N.J.S.A.* 39:6–61 *et seq.*, are entitled to receive personal injury protection benefits under section 39:6–86.1 or 39:6–86.4 provided the person has complied with the provisions, and is not disqualified by subsections (a), (c) & (d) of 39:6–70. It is significant that in section 39:6–86.4 the same provisions relating to disqualification are specifically set forth, as are referred to in section 39:6–86.1 and in the earlier "hit and run" section, 39:6–78, namely

a. The claimant is not a person covered with respect to such injury or death by any workers' compensation law, or the personal representative of such a person,

b. The claimant was not at the time of the accident the owner or registrant of an uninsured motor vehicle, or was not operating a motor vehicle in violation of an order of suspension or revocation.

c. The claimant was not at the time of the accident:

(1) A person operating or riding in a motor vehicle which he had stolen or participated in stealing, or

(2) Operating a motor vehicle without the permission of the owner, and is not the personal representative of such a person ...

In every instance then, under sections 39:6–70(d), 39:6–78(c), 39:6–86.1 and 39:6–86.4(b), while the owner of an uninsured vehicle is precluded from recovery against the Fund, the *operator* of said vehicle is not disqualified. See *Wilson v. Unsatisfied Claim and Judgment Fund Board,* 109 *N.J.* 271, 277, 536 *A.*2d 752 (1988).

When one seeks to interpret the provision of the succeeding section 39:6–86.6 permitting the Commissioner to recover payments made pursuant to sections 39:6–86.1 and 39:6–86.4, regardless of fault,

from any person who owned or operated the automobile involved in the accident *and whose failure to have the required insurance coverage in effect* at the time of the accident resulted in the payment of personal injury protection benefits

the first point to note is that the person against whom the Commissioner may recover is a person who "owned" or who "operated" the automobile *and* "whose failure to have the requisite insurance coverage in effect" resulted in the payment under the Fund. Applying this test to the operator, plaintiff here, he neither owned an automobile nor resided in a household with automobile liability insurance. Thus there was *no* failure on his part to have the requisite insurance in effect and the Commissioner is precluded from recovery against him. See section 39:6–86.1.

Further, if one then analyzes the second sentence of section *N.J.S.A.* 39:6–86.6, which reads in pertinent part as follows:

If the identity of the owner and operator is not ascertained until after personal injury protection benefits have been paid then the Commissioner shall

be entitled to recover for such payments, regardless of fault, from the operator if he was driving without the owner's permission or from the operator and the owner if he was driving with the owner's permission or, in either case, from the insurer if there is an insurance policy providing personal injury protection benefits that was in effect at the time of the accident with respect to such automobile.

Clearly the reference is to section *N.J.S.A.* 39:6–86.4 wherein is described the so-called "hit and run" owner or driver (see section *N.J.S.A.* 39:6–78). Only in that instance is recovery allowed not only against the owner, but also the operator, when he operates the automobile with the owner's permission. This is certainly the logical interpretation since only in the so-called "hit and run" situations where, *e.g.*, a pedestrian is hit, would the identity of the owner or operator not be known prior to the payment of PIP benefits.

Moreover, looking at this paragraph of *N.J.S.A.* 39:6–86.6, two different scenarios are comprehended:

the first is where there is no insurance but there is an obligation on the owner *or* the operator to maintain such insurance and that person has failed to do so,

the second, where there is the so-called "hit and run" situation and where the identity of owner and/or operator are not learned until after PIP benefits are paid. Here there may indeed be insurance as referred to at the end of the sentence.

The Court must "read the statute in its entirety and give effect wherever possible to all the words used." *City of Union City v. Eleanor Veals and Motor Club of America,* 247 *N.J.Super.* 478, 589 *A.*2d 1028 (App.Div.1991) (citing *Williams v. Bd. of Ed. Deptford Tp.,* 192 *N.J.Super.* 31, 40, 469 *A.*2d 58 (App.Div.1983), aff'd o.b. 98 *N.J.* 319, 486 *A.*2d 846 (1985)). A construction that will render a portion of the statute inoperative, superfluous or meaningless is to be avoided, 2 *Sutherland, Statutory Construction* {3d ed.} # 4705, p. 339, *Hoffman v. Hock,* 8 *N.J.* 397, 406–07, 86 *A.*2d 121 (1952).

The only consistent, logical interpretation of *N.J.S.A.* 39:6–86.6 is one that not only gives meaning to all of the words of the particular section of the statute but also integrates it within the overall framework of the act of which it is part. See

*Wilson v. Unsatisfied Claim and Judgment Fund Bd., supra.*
and *Sotomayor v. Vasquez,* 109 *N.J.* 258, 536 *A.*2d 746 (1988).

The motion of the Commissioner is denied.