295 N.J. Super. 390 (1996)
685 A.2d 68
MONA J. OUTLAND, PETITIONER-RESPONDENT,
v.
MONMOUTH-OCEAN EDUCATION SERVICE COMMISSION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1996.
Decided December 5, 1996.
*392 Before Judges LONG, SKILLMAN and CUFF.
Wendy S. Ledwitz argued the cause for respondent (Nelson & Fromer, attorneys; Bruce P. Fromer, of counsel; Ms. Ledwitz, on the brief).
Robert Silver argued the cause for appellant (Michals, Wahl, Silver & Leitner, attorneys; Mr. Silver, on the brief).
The opinion of the court was delivered by LONG, P.J.A.D.
The issue presented on this appeal is whether a teacher who is temporarily disabled as a result of an injury arising out of and in the course of her employment, who has received her full annual salary and whose duties have ended with the close of the school year, is entitled to additional temporary disability benefits for the summer recess period. Our review of this record and applicable legal principles leads us to conclude that the answer is no.
The facts of the case are essentially uncontroverted. On April 22, 1994, petitioner, Mona Outland, a teacher of emotionally disturbed *393 children employed by the Monmouth-Ocean Education Service Commission (Monmouth-Ocean), was assaulted by a student. As a result, she sustained injuries and was absent from her teaching position from April 23, 1994, to June 30, 1994, the end of the school year. There is no dispute between the parties regarding the compensable nature of these work-related injuries. At the time of this incident, Outland was employed by Monmouth-Ocean under a renewable ten-month contract (September 1 to June 30) pursuant to which she was compensated at a weekly rate of $593. For the period of her disability from April 22, 1994 until June 30, 1994 (the end of her contract year), she was paid her full salary through a combination of workers compensation benefits under N.J.S.A. 34:15-12 and teacher supplemental salary benefits under N.J.S.A. 18A:30-2.1.
On August 1, 1994, Outland filed a notice of motion for temporary disability benefits for the summer recess period. Monmouth-Ocean opposed the motion on the ground that Outland had been paid her full year's salary as of June 30, 1994 and therefore was not entitled to additional benefits over the summer. The compensation judge ruled in favor of Outland based on a recent decision of this court, Porter v. Elizabeth Bd. of Educ., 281 N.J. Super. 13, 656 A.2d 443 (App.Div.), certif. denied, 142 N.J. 455, 663 A.2d 1361 (1995) in which a teacher in the same situation as Outland was granted temporary disability benefits. The compensation judge ordered that Outland receive temporary disability payments totalling $3,675.71 for the period from July 1, 1994 to August 31, 1994. This figure is 70% of Outland's $593 weekly contract wage ($415) times the number of weeks in the summer recess. The effect of this award was that Outland received $3,675.71 more than her employment contract with Monmouth-Ocean provided. Monmouth-Ocean appeals.
Two legislative enactments underpin our inquiry  the Workers' Compensation Act, N.J.S.A. 34:15-1 to -142, and the sick leave chapter of the education title, N.J.S.A. 18A:30-1 to -6. The Workers' Compensation Act is "humane social legislation *394 designed to place the cost of work-connected injury on the employer who may readily provide for it as an operating expense." Hornyak v. The Great Atl. & Pac. Tea Co., 63 N.J. 99, 101, 305 A.2d 65 (1973). For an injury to be compensable under workers' compensation, it must arise out of and in the course of the workers' employment. Spindler v. Universal Chain Corp., 11 N.J. 34, 38-39, 93 A.2d 171 (1952) (citing Seiken v. Todd Dry Dock, Inc., 2 N.J. 469, 474, 67 A.2d 131 (1949)). A compensable injury which produces a temporary disability entitles the employee to payments calculated at 70% of the worker's weekly "wages" received at the time of the injury. N.J.S.A. 34:15-12(a). "Wages" are "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident." N.J.S.A. 34:15-37. The purpose of the statute defining wages is to arrive at a realistic estimate of the worker's true weekly wage so that benefits may fairly relate to the loss he or she has suffered. Triano v. Carbon Steel Products, 63 N.J. 226, 229, 306 A.2d 437 (1973). In contrast to permanent disability benefits, which represent compensation for the employee's physical impairment, temporary disability compensation payments are "keyed to weekly salary .... such compensation payments are in lieu of those wages." Young v. Western Elec. Co., Inc., 96 N.J. 220, 226, 475 A.2d 544 (1984). Obviously, no claim for temporary disability benefits can be made where there is no absence from work. Calabria v. Liberty Mutual Ins. Co., 4 N.J. 64, 68, 71 A.2d 550 (1950).
N.J.S.A. 18A:30-2 is part of the sick leave chapter of the education title. Sick leave is defined as an employee's absence from his or her post of duty because of personal disability due to illness, injury or contagious disease. N.J.S.A. 18A:30-1. N.J.S.A. 18A:30-2.1 is a special sick leave provision applicable to cases of work-connected disability:
Whenever any employee, entitled to sick leave under this chapter, is absent from his post of duty as a result of a personal injury caused by an accident arising out of and in the course of his employment, his employer shall pay to such employee the full salary or wages for the period of such absence for up to one calendar year *395 without having such absence charged to the annual sick leave or the accumulated sick leave provided in sections 18A:30-2 and 18A:30-3. Salary or wage payments provided in this section shall be made for absence during the waiting period and during the period the employee received or was eligible to receive a temporary disability benefit under chapter 15 of Title 34, Labor and Workmen's Compensation of the Revised Statutes. Any amount of salary or wages paid or payable to the employee pursuant to this section shall be reduced by the amount of any workmen's compensation award made for temporary disability.
The purpose of N.J.S.A. 18A:30-2 is to guarantee that a school district employee, who is absent from work due to an injury arising out of and in the course of employment, will receive his or her full salary for periods of absence up to one calendar year without losing annual or accumulated sick leave. This statute is meant to "complement workers' compensation benefits for a strictly limited time period." Theodore v. Dover Bd. of Ed., 183 N.J. Super. 407, 416, 444 A.2d 60 (App.Div. 1982).
The Workers' Compensation Act and N.J.S.A. 18A:30-2.1 are cognate enactments insofar as they address the issue of compensation of employees for personal injuries sustained in accidents arising out of and in the course of employment. The Workers' Compensation Act is a general scheme which provides all workers, including school employees, whose work connected injuries meet its standards, with the same temporary disability benefits (70% of the workers' weekly wages at the time of the injury). N.J.S.A. 18A:30-2.1 is a more specific enactment in that it guarantees that school employees will be made whole for a definite period of their work connected disability by providing a leave of absence with full pay. By way of the education statute, school employees receive the difference between temporary workers' compensation benefits and their salaries. Viewed on a continuum, workers' compensation provides the first 70% of an injured workers' lost wages and Title 18A, the remaining 30%. Together, for the first calendar year of absence from work by a school employee injured on the job, these benefits provide 100% of his or her salary. Where a school employee receives both workers' compensation benefits and salary under N.J.S.A. 18A:30-2.1, the workers' compensation benefits are set off against the N.J.S.A. *396 18A:30-2.1 entitlement to assure that the employee does not receive more than his or her full salary. A determination as to whether to award benefits under N.J.S.A. 18A:30-2.1, where the issue is whether the injury arose out of and in the course of employment, is ordinarily deferred by the Commissioner of Education until a decision is made by the Division of Workers' Compensation. Tompkins v. Bd. of Ed. of Hamilton, 11 N.J.A.R. 520 (1986). See also, Forgash v. Lower Camden County School, 208 N.J. Super. 461, 467, 506 A.2d 356 (App.Div. 1985).
For some purposes, these acts have been construed in pari materia. Theodore v. Dover Bd. of Ed., supra, 183 N.J. Super. at 415-16, 444 A.2d 60. (The term "accident arising out of or in the course of his employment" as used in N.J.S.A. 18A:30-2.1 has "precisely the same meaning as it does in the context of the Workers' Compensation Act"). For other purposes, and where there are sufficient differences between specific provisions, we have declined to so interpret them. For example, in Williams v. Board of Education of Deptford Township., 192 N.J. Super. 31, 469 A.2d 58 (App.Div. 1983), aff'd o.b., 98 N.J. 319, 486 A.2d 846 (1985), we held that the term "calendar year" in N.J.S.A. 18A:30-2.1 does not mean serial or aggregate absences totalling 365 days regardless of the number of years involved (which is the way we interpreted the Workers' Compensation Act in Colbert v. Consolidated Laundry, 31 N.J. Super. 588, 596, 107 A.2d 521 (App.Div. 1954) and Drexl v. Jurgensen, 19 N.J. Misc. 643, 647, 22 A.2d 816 (1941)), but that it is limited to serial or intermittent absences occurring during the twelve month period from the date of injury.
We make these observations because Monmouth-Ocean, in an effort to avoid Porter, and Outland, in an effort to invoke that decision, have focused their arguments on what they characterize as the in pari materia issue. Porter involved facts similar to those before us. Petitioner, a teacher, who was injured in the course of his employment, sought temporary disability payments for the summer recess. Like Outland, Porter worked under a ten-month teaching contract, with no duties and no salary paid during *397 the months of July and August. The compensation judge awarded him temporary disability benefits and the school district appealed. Another panel of this court construed the Workers' Compensation Act in pari materia with N.J.S.A. 18A:30-2.1:
We look to N.J.S.A. 18A:30-2.1, which requires that whenever a school teacher is absent because of personal injury caused by an accident arising out of and in the course of the employment, the school board shall pay the employee the full salary or wages for the period of such absence for up to one calendar year without having such absence charged as sick leave. It is further provided that the amount of the salary or wages paid or payable to the employee "shall be reduced by the amount of any workmen's compensation award made for temporary disability." Ibid.

We are convinced that the Legislature, in utilizing the term "calendar year" rather than "school year" as the applicable time period, has expressed an intent that school board employees be fully compensated for the time during which they are temporarily disabled without regard to whether that disability falls within the school year or the summer recess. This view is consistent with the Department of Education's interpretation of calendar year to mean a continuous twelve month period. See Williams v. Deptford Board of Education, 192 N.J. Super. 31, 33, 41, 469 A.2d 58 (App.Div. 1983), aff'd 98 N.J. 319, 486 A.2d 846 (1985). We, therefore, find no error in the judge awarding Workers' Compensation benefits to petitioner for temporary disability occurring during the summer recess.
[Porter, supra, 281 N.J. Super. at 21, 656 A.2d 443].
The court went on to affirm the award of temporary disability benefits for the summer recess, justifying petitioner's entitlement because that period fell within twelve months of the initial injury.
It seems to us that the in pari materia arguments advanced by the parties miss the point. Whether we look to the Workers' Compensation Act or to N.J.S.A. 18A:30-2.1, the result is the same. Each of those acts is meant to provide benefits to a worker for wages he or she has lost as a result of absence from work due to an employment related injury.
This said, we disagree with the conclusion reached by our colleagues in Porter. To be sure, as the panel concluded, the term "calendar year" as used in N.J.S.A. 18A:30-2.1 is meant to cover a period of absence due to a work related injury whether "within the school year or the summer recess." However, neither N.J.S.A. 18A:30-2.1 nor the Workers' Compensation law is meant to pay a worker wages which were not "lost" or to recompense him or her during periods when he or she was not missing work. *398 That is the plain meaning of the term "absent from his post of duty" as used in N.J.S.A. 18A:30-2.1. Insofar as Porter ordered recovery for petitioner for a summer recess period for which no work was expected, and in an amount above and beyond the employee's contract wage, of which he had already received 100%, it violated both relevant statutes. Like the Workers' Compensation Act, which is meant to replace only "lost" wages, N.J.S.A. 18A:30-2.1 is meant to make a worker whole, not to provide him or her with a windfall. This means that if a worker is scheduled to work and to be paid by the school district over the summer recess (for example, a custodian) and, as a result of an injury arising out of and in the course of employment, is absent from the job, he or she will be entitled to a leave of absence with full pay under N.J.S.A. 18A:30-2.1 just as if the absence occurred during the school year. He or she would also be entitled to workers' compensation benefits. On the contrary, a worker who is not expected to work for the district over the summer recess and who has already received his or her full salary as of June 30, will not be recompensed further over the summer by way of workers' compensation temporary disability benefits or sick leave pay for that period. The reason for this is that such a worker is not "absent from his post of duty" within the meaning of N.J.S.A. 18A:30-2.1 and has thus "lost" no wages within the intent of either act. See Calabria v. Liberty Mutual Ins. Co., supra, 4 N.J. at 68, 71 A.2d 550. An employee who has not lost wages and is not absent from his or her post of duty may not invoke these statutes. We thus reverse the order of the Workers' Compensation judge as to Outland's entitlement to benefits during the summer recess.
We note that on appeal, Outland suggests alternatively that she was entitled to benefits under N.J.S.A. 18A:30-2.1 because she lost summer employment unrelated to her school duties due to her disability. This record does not support such a claim, and the judge of compensation did not order the payment based on this allegation. We thus need not grapple with it on this appeal.
Reversed.