**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5541-17T3

KIMBERLY LOCK,

    Plaintiff-Appellant,

v.

ROCKAWAY TOWNSHIP
PUBLIC SCHOOLS,

    Defendant-Respondent.

_____

            Argued June 25, 2019 – Decided October 21, 2019

            Before Judges Rothstadt and Suter.

            On appeal from the Superior Court of New Jersey, Law
            Division, Morris County, Docket No. L-1787-16.

            Randi Doner April argued the cause for appellant
            (Oxfeld Cohen PC, attorneys; Sanford R. Oxfeld, of
            counsel; Randi Doner April, on the brief).

            Alyssa Karin Weinstein argued the cause for
            respondent (Scarinci & Hollenbeck LLC, attorneys;
            Alyssa Karin Weinstein, of counsel and on the brief).

PER CURIAM

Plaintiff Kimberly Lock appeals the July 12, 2018 order that dismissed her amended complaint with prejudice for failure to exhaust administrative remedies. We affirm.

Plaintiff has been a kindergarten teacher for defendant Rockaway Township Public Schools since 2002. A six-year-old student was assigned to her class in the 2015-2016 school year. Plaintiff testified the child exhibited behavioral issues. She contacted a person in defendant's guidance department for assistance in creating a behavioral plan for the child. In October 2015, she contacted her school principal to advise him the child had destroyed property. A meeting was conducted in November 2015 with the principal, a guidance department representative, the child's parents and plaintiff. The parties do not agree whether this was an Intervention and Referral Services (I & RS) meeting, although on December 9, 2015, an I&RS meeting was conducted. Plaintiff contends that despite these meetings, an action plan was not finalized for the child.

On December 14, 2015, the music teacher alerted plaintiff that the child could not be calmed down during her class. Plaintiff talked with the child in the hallway, but also was not able to calm him down. He "bolted" from her, ran into the classroom and was "screaming." He flipped over a chair in the classroom

2

and ran around. Plaintiff took out her cellphone and made an eight-second video of the child as he acted out. During the video, he was screaming "leave me alone" and ran away. She testified she was not aware the child was on the school's do not photograph list.

Plaintiff showed the video to another kindergarten teacher for advice. She showed it to a learning disabilities teacher and consultant. She also showed it to a guidance department representative for help. After that, she deleted the videotape without showing it to the principal or to the child's parents. In fact, she did not tell the parents that she had made a videotape of their child.

On December 16, 2015, the principal met with plaintiff and her union representative to discuss the videotape. He in turn informed the Superintendent about the incident. In January 2016, the Superintendent set up a meeting with the child's parents, the guidance department representative, the school principal and plaintiff. The child's parents expressed concern about the video and why it was deleted.

On March 31, 2016, plaintiff received a letter of reprimand listing the defendant's policies and protocols and the contract provisions that she was

alleged to have violated by videotaping the child without parental permission.[1]

Defendant board voted on April 27, 2016, to withhold plaintiff's increment for the 2016-2017 school year; she was notified the next day.

Plaintiff filed an amended complaint on October 14, 2016, seeking to restore her increment, requesting back pay, purging all related documents from her personnel file and seeking punitive damages, court costs and attorney's fees. The complaint alleged common law whistle blowing under Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 72 (1980). There was no reference in the complaint to the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8, or the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49.

In April 2018, defendant filed a summary judgment motion after the close of discovery, seeking to dismiss the amended complaint. Following oral argument on July 6, 2018, the trial court dismissed the complaint with prejudice on July 12, 2018, for failure to exhaust administrative remedies. The trial court concluded plaintiff was requesting "that the court restore her withheld salary increment." Citing N.J.S.A. 18A:29-14 and regulations promulgated by the

---

[1] In April 2016, the child was observed by a behaviorist. After that, the child was assigned a one-on-one assistant and was classified. Plaintiff acknowledged the child was not classified when she took the video.

A-5541-17T3

Commissioner of Education, the trial court found the remedy sought by plaintiff, to restore her salary increment, "[fell] within the jurisdiction of the Commissioner." There was no dispute by the parties that plaintiff had not followed the "statutory scheme [that] outlines the process a petitioner must undergo in order to resolve a dispute regarding a withheld increment." In fact, she had not filed a claim with defendant or followed the "established grievance procedures."

Plaintiff filed a notice of appeal in August 2018. In September 2018, she also requested arbitration with the Public Employee Relations Commission (PERC) regarding the withholding of her increment.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

"The doctrine of exhaustion of administrative remedies applies when 'a claim is cognizable in the first instance by an administrative agency alone.'" Hawk v. N.J. Inst. of Tech., 428 N.J. Super. 562, 570 (App. Div. 2012) (quoting Boss v. Rockland Electric Co., 95 N.J. 33, 40 (1983)). "Exhaustion of administrative remedies before resort to the courts is a firmly embedded judicial principle . . . . This principle requires exhausting available procedures, that is, 'pursuing them to their appropriate conclusion and, correlatively awaiting their final outcome before seeking judicial intervention.'" K. Hovnanian Co's. v. N.J. Dep't of Envtl. Prot., 379 N.J. Super. 1, 8 (App. Div. 2005) (quoting Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 767 (1947)).

"The exhaustion doctrine is not an absolute." Garrow v. Elizabeth Gen. Hosp. & Dispensary, 79 N.J. 549, 561 (1979). "Exceptions exist when only a question of law need be resolved; when the administrative remedies would be futile; when irreparable harm would result; when jurisdiction of the agency is doubtful; or when an overriding public interest calls for a prompt judicial decision." Ibid. (citations omitted).

Plaintiff's complaint alleged a cause of action based on Pierce. 84 N.J. at 72. In Pierce, the Court held "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy."

<u>Ibid.</u> Plaintiff contends that the trial court erred by dismissing her complaint for failure to exhaust administrative remedies. We do not agree that the dismissal was in error.

Under N.J.S.A. 18A:29-14, "any Board of Education may withhold, for inefficiency or other good cause, the employment increment . . . of any member in any year . . . ." It is the Commissioner who "shall have jurisdiction to hear and determine, without cost to the parties, all controversies and disputes arising under the school laws . . . ." N.J.S.A. 18A:6-9. We have held that it is "clear that the Commissioner 'has fundamental and indispensable jurisdiction over all disputes and controversies arising under the school laws' and that, moreover, the Supreme Court 'has repeatedly reaffirmed the great breadth of the Commissioner's power.'" <u>Theodore v. Dover Bd. of Ed.</u>, 183 N.J. Super. 407, 412-13 (App. Div. 1982) (quoting <u>Hinfrey v. Matawan Regional Bod. of Ed.</u>, 77 N.J. 514, 525 (1978)).

Where an increment is withheld for "predominately disciplinary [reasons]," the dispute "shall be resolved through the grievance procedures established pursuant to law" in accordance with N.J.S.A. 34:13A-29. N.J.S.A. 34:13A-27(c). These grievance procedures require "binding arbitration as the terminal step with respect to disputes concerning imposition of reprimands and

A-5541-17T3

discipline . . . ." N.J.S.A. 34:13A-29(a). The employer bears the burden of proof. N.J.S.A. 34:13A-29(b).

The primary focus of plaintiff's cause of action was the claim that her increment was wrongly denied. She contested whether her increment should have been withheld as a matter of discipline because she videotaped the child. That issue is within the jurisdiction of the Commissioner because at its core it is a dispute over the denial of her increment. She did not exhaust the administrative procedures required to resolve this dispute.

We do not agree that Kolb v. Burns, 320 N.J. Super. 467 (App. Div. 1999), would preclude dismissal of her complaint. In Kolb, we reversed a trial court decision that reinstated a complaint for retaliation under the CEPA, holding there that a "material factual dispute exist[ed] as to whether [the] defendants retaliated against [the] plaintiff when they voted to withhold their increment." Id. at 483. Kolb does not stand for the proposition that a whistleblower complaint under Pierce circumvents the exhaustion of administrative remedies. In Kolb, the plaintiff brought her claim under CEPA and already had pursued and exhausted her administrative remedies where her increment was reinstated. Id. at 474 n.1. That was not the case here; there is no dispute that plaintiff had not exhausted administrative remedies.

Plaintiff's claim did request punitive damages, but that relief would require first that she was successful in proving a claim that showed actual malice and then was successful in a separate trial just on her punitive damages. See In re Estate of Stockdale, 196 N.J. 275, 308-09 (2008). Her complaint alleged defendant had not complied with the withholding statute, N.J.S.A. 18:29-14, and retaliated against her once she advised she was contemplating the lawsuit; it did not allege the statutory standard had been satisfied. See N.J.S.A. 2A:15-5.12(a) (clear and convincing evidence needed that acts or omissions were "actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.").

This is not a case that required an exception from the exhaustion requirements. Plaintiff did not allege exceptional circumstances for not exhausting administrative remedies. The case did not present questions of law. The administrative remedy would not be futile as she already had filed a grievance with PERC. There was no allegation of irreparable harm. The jurisdiction of the agency over disputes involving an increment was not in doubt. The case did not present an issue of overriding public interest.

We are satisfied that the trial court did not err in dismissing plaintiff's amended complaint for failure to exhaust administrative remedies because her

 A-5541-17T3

claim essentially was that she had been wrongly denied her increment, not that she had suffered any other compensatory damages.

     Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION